# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-60660

METHANE AWARENESS RESOURCE GROUP

                                      Petitioner

v.

ELAINE CHAO, SECRETARY, DEPARTMENT OF LABOR; NATIONAL
INSTITUTE FOR OCCUPATIONAL SAFETY AND HEALTH; MINE
SAFETY & HEALTH REVIEW ADMINISTRATION; MICHAEL O LEAVITT
UNITED STATES HEALTH AND HUMAN SERVICES; UNITED STATES
DEPARTMENT OF LABOR AND MICHAEL LEAVITT, SECRETARY OF
HEALTH AND HUMAN SERVICES; UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES;

                                        Respondents

UNITED STEEL, PAPER AND FORESTRY, RUBBER MANUFACTURING,
ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS
INTERNATIONAL UNION

        Intervenor

Order Granting Transfer of Petition for Review
of an Order of the Federal Mine Safety & Health Administration
(73 Fed Reg 29058-60)

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

On July 17, 2008, Methane Awareness Resource Group petitioned this court for review of a rule promulgated by some of the respondents on May 20, 2008.[1] However, on July 11, 2008, another petitioner, the National Mining Association, had petitioned for review of this "final rule," before the United States Court of Appeals for the District of Columbia. By statute, the first filed petition controls where the record should be filed in such cases, and other circuits in which such petitions are later brought should transfer the proceedings before them to the court where the record has been filed.[2] We comply with this statutory instruction and transfer the petition to the D.C. Circuit. The petitioner's efforts to resist our transfer do not avail, because they cast no doubt on the fact that the "same order" is at issue before this court and before the D.C. Circuit, and because they err in their assertion that this court's remand authority is here implicated. The prior appeals before this court in this general arena bear only tenuous relation to the instant petition for review,[3] and not nearly as close a relation as a recent petition decided by the D.C. Circuit.[4]

---

R. 47.5.4.

[1] Some language in the government's briefing seems to suggest that it does not consider there in fact to be a "final rule" capable of challenge, and we do not judge that question. We assume there was a final rule here that provides jurisdiction for a petition for review in the U.S. circuit courts, pursuant to 30 U.S.C. § 811(d). As both the petition before this court and the petition before the D.C. Circuit state, the "final rule" was published in 73 Fed. Reg. 29058, 29058-60 (May 20, 2008) and in Mine Safety and Health Administration Program Policy Letter No. P08-IV-1.

[2] See 28 U.S.C. § 2112(a).

[3] Cargill, Inc. v. U.S., 173 F.3d 323 (5th Cir. 1999); Akzo-Nobel Inc. v. U.S., 2001 WL 34772206 (2001).

[4] Kennecott Greens Creek Mining Co. v. Mine Safety & Health Administration, 476 F.3d 946 (D.C. Cir. 2007).

No. 08-60660

The respondents' motion to transfer the petition for review to the United States Court of Appeals for the District of Columbia is GRANTED.